**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

FEB 27 2023

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:23-CR-12-KKC

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**                                  **PLEA AGREEMENT**


**MAYANK M. PATEL**                                              **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and Count 2 of the Information, charging a violation of 18 U.S.C. § 2252(a)(2), knowingly distributing visual depictions of a minor engaged in sexually explicit conduct using a means or facility of interstate commerce, that is, by computer over the internet.

2. The essential elements of Count 1 of the Information, charging a violation of 18 U.S.C. § 2251(a), are:

   (a) The Defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, or attempted to do so; and

   (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create, or attempted to create, were produced using materials that had been mailed, shipped, or transported in or

affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

The essential elements of Count 2 of the Information, charging a violation of

18 U.S.C. § 2252 (a)(2), are:

(a) The Defendant knowingly distributed a visual depiction;

(b) That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) That the visual depiction was of a minor engaging in sexually explicit conduct;

(d) That the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(e) That the visual depiction was distributed using a means or facility of interstate commerce, including by computer.

3. As to the offenses charged in the Information, the United States could prove the

following facts that establish the essential elements of the offenses beyond a reasonable

doubt, and the Defendant admits these facts:

(a) On or about January 23, 2023, the Kentucky State Police Electronic Crime Branch and Homeland Security Investigations (HSI) performed a knock and talk at the home of Mayank M. Patel in Lexington, KY. Patel was suspected of being involved in the distribution and possession of child sexual abuse material because an account using his phone number was found to be a member of various online communities involving the distribution of child sexual abuse images and videos. During the knock and talk, Patel agreed to speak with law enforcement and provided them consent to search his electronic devices.

(b) Patel admitted to being a part of at least thirty online communities that specifically existed to receive and distribute child sexual abuse material and that he possessed child sexual abuse material on his Apple iPhone 12 Pro, IMEI 354523335k714443, SN# A2341 and his Apple MacBook Pro M1 Model #A2338, SN# C02DMPPRQ05D. Patel admitted to receiving and possessing hardcore and violent child sexual abuse material that included serious bodily harm to infants as

2

part of his participation in these various online communities.

(c) Patel also disclosed to investigators that he had used his minor neighbor, Victim 1, to create sexually explicit images and videos when she was approximately 7 or 8 years old. This included recording a video of Victim 1 placing her mouth on Patel's erect penis. Patel disclosed he also took pictures of Victim 1's vagina and breasts on two different occasions.

(d) During the consent search of Patel's iPhone and MacBook, forensic investigators were able to locate the video depicting Victim 1 that Patel had previously described. The video is listed as IMG_0037.mov. During the video, Victim 1's face is visible, and Patel's erect penis is visible and is in Victim 1's mouth. Victim 1 can be heard saying "Don't pee in my mouth." The video is twenty-two seconds in length and shows a creation date of December 6, 2017. Based on the creation date, at the time of the video Victim 1 would have been seven years old.

(e) Patel admits that the he knowingly produced the video of Victim 1. Patel further admits that all of these images were produced using a cellular phone, which was manufactured in whole or part outside of Kentucky and, therefore, traveled in interstate commerce prior to being used by Patel. Finally, Patel admits that the images were produced in Fayette County, in the Eastern District of Kentucky, on or about the dates alleged in the Information.

(f) Patel further admits that he knowingly distributed images of minors engaged in sexually explicit conduct via various online child pornography trading communities. This included providing images of minors engaged in sexual acts with both adults and other children, including the vaginal penetration of prepubescent children and images of infants and toddlers engaged in sexual activity, in exchange for membership in such online communities. Patel admits that the conduct took place on or about the dates alleged in the information in Fayette County, in the Eastern District of Kentucky. Finally, Patel admits that the distribution occurred using the internet, a means and facility of interstate commerce.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. The statutory punishment for Count 2 is imprisonment for not less than 5 years and not more than 20 years, a $250,000

3

fine, and not less than 5 years nor more than lifetime supervised release. A special assessment of $100.00 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offenses to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense. Also, mandatory restitution under 18 U.S.C. § 2259 that is not less than $3,000.00 per victim may be applied to victims of child exploitation material trafficking offenses.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The August 1, 2021, Manual guideline calculations are listed below.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery.

(c) Use the Guideline Range for Count 2, Distribution of Sexually Explicit Images of Minors, as the higher of the two Counts:

4

(d)     Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

(e)     Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 levels because the material involved children under 12 years of age.

(f)     Pursuant to U.S.S.G. § 2G2.2(b)(3)(B), increase the offense level by 5 levels because the offense involved distribution in exchange for any valuable consideration, but not for pecuniary gain.

(g)     Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense level by 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence and the sexual abuse or exploitation of an infant or toddler.

(h)     Pursuant to U.S.S.G. § 2G2.2(b)(5), increase the offense level by 5 levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

(i)     Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level by 2 levels because the offense involved the use of a computer.

(j)     Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense by 5 levels because the offense involved at least 600 images.

Adjusted Offense Level (Subtotal): 45

**Chapter Four Enhancement:** The offense of conviction is a covered sex crime (production of child pornography), neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct (production of child pornography with multiple victims). The offense level shall be five plus the offense level determined under Chapters Two and Three. In this case, the applicable offense level is 4̶5̶, pursuant to USSG §4B1.5(b)(1).  45 + 5 = 50          50  EMK  BOL  mm?

**Acceptance of Responsibility:** Pursuant to USSG §3E1.1(a), because the Defendant clearly demonstrated acceptance of responsibility, and (b) timely provided complete information to the government concerning his own involvement in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.

5

Total Offense Level: $50 - 3 = 47$; however, the maximum offense level is 43, pursuant to Application Note 2 of U.S.S.G. § 5, Part A.

**Restitution:** Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that all victims of images he possessed, received, distributed, or produced shall be considered victims for purposes of allocution and restitution, even if those victims are not victims of the counts of conviction.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States, pursuant to 18 U.S.C. § 2253, all interest that he has in any and all property that has a nexus to the offenses to which he is pleading guilty and will execute any documents necessary for this forfeiture. Specifically, the Defendant will forfeit his interest in the property listed in the forfeiture allegation of the Information and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property identified in the information and the offenses to which he is pleading guilty. The Defendant agrees to waive any timing provisions of Rule 32.2 pertaining to the entry of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

8

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

9

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _2·27·23_          By: _____

Erin M. Roth
Assistant United States Attorney


Date: _2/27/23_          _____

Mayank M. Patel
Defendant


Date: _2/27/23_          _____

Bradley Clark
Attorney for Defendant

10